**Rajesh DUTT and Lata Rashmin Dutt, Petitioners,**

v.

**EriC H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70113.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 21, 2011.

Anthony Santarelli, Esquire, Law Offices of Anthony Santarelli, Marina Del Rey, CA, for Petitioners.

---

* The panel unanimously concludes this case is     suitable for decision without oral argument.

Matt Crapo, OIL, Michelle Gorden Latour, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

## MEMORANDUM **

Rajesh Dutt and Lata Rashmin Dutt, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo claims of constitutional violations in immigration proceedings. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where it was filed more than 90 days after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and petitioners failed to demonstrate changed country conditions to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *cf. Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004). Therefore, petitioners' due process rights were not violated. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We do not consider the extra-record evidence submitted for the first time with petitioners' opening brief because the court's review is limited to the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A).

Petitioners' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**